# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

RIMI v. OBAMA ) Civil Case No. 05-2427 (RJL)

## MEMORANDUM ORDER
(November ___, 2009)

Petitioners Sofian Ebrahim Hamad Hamoodah ("Hamoodah"), Muhammad Abdallah Mansur Al Futuri Rimi ("Rimi"), Abdullah Bin Omar Al Hajji ("Al Hajji"), and Mohabat Khan ("Khan") ask this Court to adjudicate their habeas corpus petitions, notwithstanding their transfer out of Guantanamo Bay, Cuba. On July 30, 2008, this Court ordered petitioners to show cause why their petitions should not be dismissed as moot. A briefing schedule was set the same day, and on August 12, 2008, petitioners and the Government filed briefs in support of their respective positions. One week later, both sides filed responsive pleadings.

Petitioners argue that their cases are not moot because: (1) they are in the constructive custody of the United States; and (2) they continue to suffer collateral consequences from their detention in Guantanamo. The Government contends these petitions are moot and should be dismissed. For the following reasons, I agree with the Government and will DISMISS the petitions with prejudice.

The petitioners are former detainees at the United States Naval Base at Guantanamo Bay, Cuba. Before this Court could adjudicate their habeas claims, the Government transferred Hamoodah and Rimi to Libya, Al Hajji to Tunisia, and Khan to Afghanistan. Hamoodah and Rimi are apparently being detained by the Libyan government. (Pet's Consolidated Mem. at 3, 5.) Al Hajji is in prison in Tunisia, serving a sentence for an earlier conviction in that country. (*Id.* at 6-7.) Khan's current whereabouts is unknown, but his counsel suspects he may be in custody in Afghanistan. (*Id.* at 8.)

The federal habeas statute confers jurisdiction on District Courts if a petitioner is "in custody under or by the color of the authority of the United States." 28 U.S.C. § 2241(c). If a petitioner is released from custody, the claim is mooted unless petitioner can demonstrate a concrete and continuing injury – some "collateral consequence" – to continue the suit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioners, not surprisingly, argue that they are being held "by color of the authority of the United States," and, therefore, that they remain "in custody." Second, petitioners claim that even if they have been released from U.S. custody, they continue to suffer collateral consequences – specifically, their continued detention at the hands of foreign governments – and therefore are entitled to pursue their petitions. I disagree as to both positions.

First, petitioners' constructive custody argument fails because their contention that these former detainees are being held under the authority of the United States is nothing more than rank speculation. Simply stated, each petitioner must establish that his custody is "the result of the respondent's actions from which he seeks habeas corpus relief." *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 47 (D.D.C. 2004) (quoting *Steinberg v. Police Court of Albany, N.Y.*, 610 F.2d 449, 453 (6th Cir. 1979)). They have not done so here.

To the contrary, the Government has represented that any detention by a foreign government after a detainee's release is "pursuant to [the foreign government's] own laws and not on behalf of the United States." (Declaration of Deputy Assistant Secretary of Defense for Detainee Affairs Sandra L. Hodgkinson ¶ 5.[1]) And the Supreme Court, in *Munaf v. Geren*, and the D.C. Circuit, in *Kiyemba v. Obama*, have specifically provided that our Courts are "not suited to second-guess" such Government representations. To do so "would require federal courts to pass judgment on foreign justice systems and undermine the Government's ability to speak with one voice in this area." *Munaf*, 128 S. Ct. 2207, 2226 (2008); *Kiyemba*, 561 F.3d 509, 514 (D.C. Cir. 2009). As such, the Court has no basis on this record to conclude that petitioners are in the constructive custody of the United States.

---

[1] Sandra Hodgkinson's Declaration is appended as Exhibit 1 to Respondent's Status Report in Response to the Court's July 3, 2008 Order.

For similar reasons, petitioners' argument that they are suffering from collateral consequences is equally unpersuasive. First of all, collateral consequences that are "based on the discretionary decisions of" someone other than respondents, alone, effectively render this case moot. *Al Joudi v. Bush*, 2008 WL 821884 at *1 (D.D.C. Mar. 26, 2008) (quoting *Spencer*, 523 U.S. at 13 (internal quotations omitted)); *Idema v. Rice*, 478 F. Supp. 2d 47, 51 (D.D.C. 2007). Moreover, even if this were not the case, the harm petitioners complain of is *not* redressable by a judicial action. Simply put, this Court has no authority over the foreign governments currently holding petitioners. *See Kiyemba*, 561 F.3d at 515 ("*Munaf* therefore bars a court from issuing a writ of habeas corpus to shield a detainee from prosecution and detention by another sovereign according to its laws.") Thus, dismissal is both a legal and practical necessity.[2]

---

[2] Petitioners also allege that their transfer was unlawful under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100-20. However, their habeas petitions already have been rendered moot by their transfers, and the addition of this claim at this stage is not enough to prevent dismissal. Moreover, *Kiyemba* forecloses this argument with the same force as it does petitioners' first two arguments. *See* 561 F.3d at 514-15 (citing 8 U.S.C. § 1252(a)(4), the statutory provision which limits judicial review under the Convention to claims raised in a challenge to a final order of removal and brought in an appropriate Court of Appeals).

Accordingly, for all of the foregoing reasons, it is hereby

**ORDERED** that the habeas petitions of Sofian Ebrahim Hamad Hamoodah, Muhammad Abdallah Mansur Al Futuri Rimi, Abdullah Bin Omar Al Hajji, and Mohabat Khan are **DISMISSED** with prejudice.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge